UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES,

        Plaintiff,

  v.

OMARION T. HARRIS,

        Defendant.

Case No. 24-cr-119-pp

**ORDER OVERRULING DEFENDANT'S OBJECTION (DKT. NO. 17), ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 15) AND DENYING DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND FOUR (DKT. NO. 14)**

On June 11, 2024, the grand jury returned an indictment charging the defendant with two counts of carjacking in violation of 18 U.S.C. §§2119(1) and (2) and two counts of brandishing a firearm during a crime of violence (the carjackings) in violation of 18 U.S.C. §924(c)(1)(A)(ii) and 2(a). Dkt. No. 1.

The defendant filed a motion to dismiss the §924(c) charges in Counts Two and Four, arguing that those counts fail to state an offense. Dkt. No. 14. He argued that the carjacking offenses charged in Counts One and Three categorically fail to qualify as "crimes of violence" under §924(c)(3)(A)'s definition of that phrase because §2119 does not always require the government to prove the "use, attempted use or threatened use of force." Id. at 4, 6, 17. The defendant also argued that §2119 does not have a sufficiently culpable *mens rea* to qualify as a crime of violence under §924(c)(3)(A) because

1

it does not require proof in every case of the knowing or purposeful use of or threat of force. Id. at 6. He maintains that one can violate the carjacking statute through intimidation and conditional intent rather than a specific intent to use or threaten force. Id. at 17. The defendant urged the court to apply the categorical approach in analyzing §2119(1), treat the statute as "indivisible" and find that the statute covers more conduct that the conduct described as a "crime of violence" for the purposes of a predicate offense under §924(c)(1)(A). Id. at 7.

Five days after the defendant filed the motion, Judge Duffin issued a recommendation that the court deny the motion. Dkt. No. 15. Judge Duffin's recounted:

> This court recently recommended denial of a motion to dismiss presenting the same argument. *See United States v. Cortez*, 24-CR-48, ECF No. 44 (E.D. Wis., Aug. 5, 2024). In doing so, the court noted that the argument had been rejected by every circuit court to have considered it and also by Chief Judge Pamela Pepper, to whom both *Cortez* and this matter are assigned. *Id.* (citing *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019); *Ovalles v. United States*, 905 F.3d 1300, 1304, 27 Fla. L. Weekly Fed. C 1432 (11th Cir. 2018); *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018); *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017); *Jordan v. United States*, No. 20-cv-935-pp, 2022 U.S. Dist. LEXIS 196396 (E.D. Wis. Oct. 28, 2022); *Ellis v. United States*, No. 19-cv-1155-pp, 2020 U.S. Dist. LEXIS 202645 (E.D. Wis. Oct. 30, 2020)).

Id. at 2. He observed that his recommendation in Cortez was pending before this court and that in Cortez, the defendant had raised the same objections it raised in this case but that the government had opted to rely

on its brief to Judge Duffin rather than respond to the objection. Id. Given those circumstances, Judge Duffin stated that there was no reason for him to wait for the government to respond to the defendant's motion; he found that it was more efficient for him to issue his recommendation right away, so that this court could consider the objection in this case at the same time that it was considering the defendant's identical objection in Cortez. Id.

The defendant timely filed an objection on September 22, 2024. Dkt. No. 17. In this case, the government filed a substantive response. Dkt. No. 19.

On October 29, 2024, this court issued an order in United States v. Cortez, 24-cr-48 (E.D. Wis.)—the first case cited in Judge Duffin's recommendation in this case. In Cortez, the court overruled the defendant's objections, adopted Judge Duffin's recommendation and denied a motion to dismiss that is identical to the motion the defendant has filed in this case. Id. at Dkt. No. 49.

I.  **Legal Standard**

Federal Rule of Criminal Procedure 59(b) governs a district court's referral to magistrate judges of motions to dismiss in criminal cases. Parties have fourteen days to file "specific objections" to a magistrate judge's report and recommendation on a motion to dismiss. Fed. R. Crim. P. 59(b)(2). The district judge must review de novo the portions of the magistrate judge's recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The court may "accept, reject or modify, in whole or in

3

Case 2:24-cr-00119-PP    Filed 11/01/24    Page 3 of 5    Document 20

part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1).

## II. Objections

The objections to the recommendation here are the same as those raised in <u>Cortez</u>. <u>Compare</u> Case No. 24-cr-119, Dkt. No. 17 with Case No. 24-cr-48, Dkt. No. 46. Like the defendant in <u>Cortez</u>, the defendant in this case asserts that there "is no binding precedent" requiring denial of his motion to dismiss and that he is "raising arguments that were neither raised nor squarely addressed" in prior decisions by this court. Case No. 24-cr-119, Dkt. No. 17 at 2.

## V. Analysis

The court rejected the defendant's arguments in <u>Cortez</u>. Case No. 24-cr-48, Dkt. No. 49. As the defendant in <u>Cortez</u> asked (and as the defendant in this case has asked), the court applied the categorical approach to the offense of a completed carjacking—the offense that the defendants in <u>Cortez</u> had been charged with committing—and concluded that the offense qualified as a predicate "crime of violence" under §924(c). <u>Id.</u> at 51. In so ruling, the court found the divisible/indivisible distinction inapplicable because one can apply the categorical approach to a completed carjacking and separately apply the approach to an attempted carjacking. <u>Id.</u> The court similarly rejected the defendant's argument that taking a vehicle by intimidation does not require specific intent. <u>Id.</u>

4

The defendant in this case is charged in Counts One and Three with two completed carjackings. Dkt. No. 1. In each, he is alleged to have brandished firearms. Id. For the reasons explained in Cortez, Case No. 24-cr-48 at Dkt. No. 49, the court will overrule the defendant's objection, adopt Judge Duffin's recommendation and deny the defendant's motion to dismiss.

## VI. Conclusion

The court **OVERRULES** the defendant's objection. Dkt. No. 17.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 15.

The court **DENIES** the defendant's motion to dismiss Counts Two and Four. Dkt. No. 14.

The court will separately communicate with the parties regarding the next steps in the case.

Dated in Milwaukee, Wisconsin this 1st day of November, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**